```
              UNITED STATES BANKRUPTCY COURT
                 DISTRICT OF NEW HAMPSHIRE
```

In re: Sheryl Ollie,
        Debtor.

                                Case No. 11-13848-JMD
                                Chapter 13 Bankruptcy

## Order

After hearing and due consideration of the Motion to Dismiss the Case, the Court hereby Orders:

    1. That the hearings on confirmation of the Plan and the Motion to Dismiss are both continued to August 10, 2012 at 9:00 a.m.

    2. That the debtor's Plan calls for payments of $2,000.00 for the first 4 months followed by payments of $2,911.00 for the final 56 months.

    3. That as of the date of this Order, the debtor is due for 6 Plan payments, or the total of $13,822.00, but has made payments only in the amount of $6,000.00.

    4. That the debtor shall make her regular monthly Plan payments when due on the 19th of each month, beginning May 19, 2012, with time of the essence, and shall be current with her Plan payment obligation by August 1, 2012.

    5. That the debtor shall continue to make adequate protection payments to the Franklin Savings Bank pursuant to the Court's previously approved Stipulation dated February 27, 2012, under the same terms and conditions as provided in the approved Stipulation.

    6. That the debtor shall file the outstanding monthly operating reports regarding her self employment by May 15, 2012, and shall file the operating report for the months of May and June in a timely manner (to wit, they must be received by the Chapter 13 Trustee's Office by the 15th of the following month).

  7. That the Court hereby authorizes the Chapter 13 Trustee to remit 35% of the Plan payments made by the debtor regarding the real estate taxes due to the Town of Tilton, New Hampshire as alleged in their Proof of Claim, prior to the confirmation of the Plan, with instructions that the Town apply the payments received to the oldest taxes due on the property located at 354 West Main Street, Tilton, New Hampshire.

  8. That should the debtor not comply as described above, and should the Chapter 13 Trustee file an affidavit so asserting, the case will be dismissed without further hearing; the debtor shall have a period of 7 days following the filing of such an affidavit to respond before such an affidavit would be granted.

  9. That should the debtor not comply with respect to its obligations to Franklin Savings Bank as described above, and should Franklin Savings Bank or its attorney file an affidavit so asserting, then the Court shall enter an order granting the motion for relief from stay filed by Franklin Savings Bank dated December 21, 2011 (Doc. #51) without further hearing; the debtor shall have a period of 7 days following the filing of such an affidavit to respond before the affidavit would be granted.

  So Ordered.

Dated: April 26, 2012

           /s/ J. Michael Deasy
           J. Michael Deasy
           Bankruptcy Judge